# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD WILLIAM DORKO,

        Plaintiff-Appellant,

v

SHERRY SUE DORKO,

        Defendant-Appellee.

UNPUBLISHED
August 17, 2017

No. 333880
Kalamazoo Circuit Court
LC No. 2004-005765-DM

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

The parties disagree on whether a qualified domestic relations order (QDRO) is subject to a ten-year statute of limitations. Concluding that this case is controlled by a recently issued, binding decision of this Court, we hold that a QDRO is not subject to the statute of limitations and affirm.

On August 3, 2005, the Kalamazoo Circuit Court entered a consent judgment of divorce dissolving the parties' 28-year marriage. The consent judgment awarded defendant one half of the marital interest in plaintiff's retirement plan via a QDRO. Ten years and eight days later, defendant submitted a proposed QDRO to the trial court; several months later, defendant filed a revised proposed QDRO in January 2016. Plaintiff moved to set aside the revised proposed QDRO, arguing that it was time-barred under the ten-year statute of limitations set forth in MCL 600.5809(3) for enforcing a judgment. The trial court denied plaintiff's motion, concluding that the statute of limitations did not begin to run until plaintiff began receiving disbursements from the plan. We affirm, but for a different reason. See *Groves v Dep't of Corrections*, 295 Mich App 1, 13 n 3; 811 NW2d 563 (2011).

The question of whether MCL 600.5809(3) covers QDROs was recently answered by a panel of this Court. In *Joughin v Joughin*, ___ Mich App ___; ___ NW2d ___ (2017) (Docket No. 329993), slip op at 4, the panel majority held that "the act to obtain entry of a proposed QDRO is a ministerial task done in conjunction with the divorce judgment itself." "Accordingly, when a party complies with the court's instructions [in the divorce judgment to submit a proposed QDRO], albeit late, as here, the party is simply engaged in supplying documents and information to the court, to comply with its ministerial obligations under the judgment—nothing more, nothing less." *Id*. Therefore, the *Joughin* court held that "because the entry of the proposed QDRO is not an enforcement of a noncontractual money obligation, the 10-year period

of limitations provided in MCL 600.5809(3) does not apply, and plaintiff's request to have the proposed QDRO entered by the trial court was not time-barred." *Id*. at ___; slip op at 5.

This panel is bound by the holding in *Joughin* under MCR 7.215(J)(1). Accordingly, we conclude that defendant's submissions of the proposed QDROs were merely ministerial tasks attendant to the judgment of divorce, which are not time-barred by MCL 600.5809(3).

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle